UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LEROY BIANCHINI,

                Petitioner,

  -against-

MICHAEL CAPRA, SUPERINTENDENT,
SING SING CORRECTIONAL FACILITY

                Respondent
-----------------------------------------------------------X

REPORT AND RECOMMENDATION
23 CV 2066 (PKC)(LB)

**BLOOM, United States Magistrate Judge:**

      Petitioner, Leroy Bianchini, files this *pro se* petition for a writ of habeas corpus ("the petition") pursuant to 28 U.S.C. § 2254, challenging his 2016 New York Supreme Court, Kings County conviction of Robbery in the First Degree and Assault in the Second Degree.  Petition ("Pet.") 1, ECF No. 1.[1]  The Honorable Pamela K. Chen referred this petition to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that the petition should be denied.

## BACKGROUND

### I.    The Underlying Crimes

      According to the evidence adduced at trial, on December 8, 2014 at approximately 6:00 p.m., petitioner and an unidentified accomplice approached William Caula while he was walking on East 56th Street in Brooklyn, New York. TT. 117, 123, 125, ECF No. 6-3.  Petitioner aimed a gun at Caula, threatened him and took his bag which contained tools, an iPod, and a Kindle. Id. at 118, 124; see also TT. 28, ECF No. 6-5.  Caula gave a description of the men who robbed him to Detective Greene at the 63rd Precinct that same day. TT. 27–28, ECF No. 6-5.

---

[1] For ease of reference, all citations are to the ECF pagination of the state record and the parties' briefs.

1

In a separate incident at approximately 2:30 p.m. on December 12, 2014, petitioner and an unidentified accomplice approached Ted Lovinsky while he was walking on East 42nd Street in Brooklyn, New York. TT. 30–32, ECF No. 6-4.  Lovinsky was watching a television show on his phone as he was walking when petitioner raised a gun at Lovinsky, threatened him and demanded his belongings. Id. at 31–32, 35, 46.  As petitioner demanded Lovinsky's belongings, the accomplice took Lovinsky's wallet from his pocket. Id. at 33–34.  Petitioner then fired the gun, striking Lovinsky in the legs and groin, and then ran away with the accomplice. Id. at 38–41.  Lovinsky fell and dialed 911. Id. at 40.

New York City Police Department Detective Daniel Arrao, the lead investigator, arrived on the scene minutes later and spoke with Lovinsky. Id. at 91–92.  Lovinsky described the men who shot and robbed him and was transported to the hospital. Id. at 81–83, 92–93.

On December 14, 2014, Detective Arrao contacted Lovinsky to view a line-up at the 63rd Precinct. TT. 107–08, ECF No. 6-4.  Detective Greene also contacted William Caula to view the lineup. TT. 29, ECF No. 6-5.  As part of the lineup, petitioner and five fillers were seated and wore barber aprons. TT. 110, ECF No. 6-4; see also Lineup, ECF No. 6-17.  Petitioner chose to sit in seat number four. TT. 111, ECF No. 6-4.  Lovinsky and Caula viewed the lineup separately; both identified petitioner as the man who robbed them. Id. at 10, 45.  Lovinsky specifically identified petitioner as the person who shot him. Id. at 45.

## II. Suppression Hearing

Prior to trial, petitioner moved to suppress the pretrial identification made by Lovinsky and Caula at the lineup on December 14, 2014, arguing that the lineup was unduly suggestive because petitioner had different physical attributes than the other people in the lineup. Hearing on Motion to Suppress Transcript 109, 115, ECF No. 6-1 [hereinafter H. TT.].  Detectives Arrao

and Greene testified at the suppression hearing. Id. at 2, 3, 74.  The Court denied petitioner's motion to suppress the identification, finding "no police procedure or police action employed by the authorities [] result[ed] in any suggestiveness." Id. at 116.

### III.    Procedural History

The Honorable Bruce M. Balter presided at the jury trial in Kings County Supreme Court from April 11 to 19, 2016. TT., ECF Nos. 6-3—6-8.  The jury found petitioner guilty of two counts of Robbery in the First Degree and one count of Assault in the Second Degree. TT. 80, ECF No. 6-8.  Petitioner was sentenced to an aggregate term of forty-years imprisonment. Sentencing TT. 26–29, ECF No. 6-9.

Petitioner appealed his conviction to the Appellate Division, Second Department and raised four grounds: (1) that the lineup was unduly suggestive because appellant was the only person with the features described by the witnesses and appeared younger than the fillers; (2) "The People did not prove identity beyond a reasonable doubt and the verdict was against the weight of the evidence"; (3) the prosecutor denied petitioner a fair trial; and (4) petitioner's forty-year sentence was excessive. Def. App. Div. Br. 10, 40, 45, 52, 61, ECF No. 6-10.

The Appellate Division affirmed petitioner's conviction, but modified the sentence imposed on the conviction of robbery in the first degree under Count 1 of the indictment from twenty years to ten years, thus reducing petitioner's forty-year sentence to thirty years. People v. Bianchini, 198 A.D.3d 912, 913 (2d Dep't 2021).  Petitioner's application for leave to appeal to the New York Court of Appeals was denied. People v. Bianchini, 37 N.Y.3d 1145 (2021).

### IV.    Federal Habeas Petition

Petitioner timely filed this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1.  Petitioner challenges his conviction on three of the same

3

grounds he presented to the state court: (1) petitioner was subject to an unduly suggestive lineup, (2) the evidence did not prove petitioner's identity beyond a reasonable doubt, and (3) prosecutorial misconduct. Pet. 5–8, ECF No. 1; see also Def. App. Div. Br. 10, ECF No. 6-10. Respondent opposes the petition. See Resp't Mem. L. in Opp'n. 7, ECF No. 6.

## DISCUSSION

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the AEDPA, the reviewing court may only grant a habeas petition if the claim "was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "This is a 'difficult to meet' . . . and 'highly deferential standard[,]'" and review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

A state court decision is "contrary to" clearly established Federal law if the "state court reached a conclusion of law that directly contradicts a holding of the Supreme Court" or, "when presented with 'facts that are materially indistinguishable from a relevant Supreme Court precedent,' the state court arrived at a result opposite to the one reached by the Supreme Court." Evans v. Fisher, 712 F.3d 125, 132 (2d Cir. 2013) (quoting Williams v. Taylor, 529 U.S. 362, 405

4

(2000)). A state court decision is an "unreasonable application" of clearly established Federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Court cautions, however, that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410 (emphasis in original); see also Grayton v. Ercole, 691 F.3d 165, 174 (2d Cir. 2012) ("[T]he writ may only issue where the state court's application of the law was not only wrong, but unreasonable."). A federal habeas court may only "issue the writ in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011).

## II.   Exhaustion and Procedural Default

A petitioner in custody pursuant to a state court judgment must exhaust his state court remedies prior to seeking federal habeas review. 28 U.S.C. § 2254(b)(1); see also Davila v. Davis, 582 U.S. 521, 527 (2017) ("The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" (citation omitted)). An unexhausted claim which cannot now be raised is considered to be procedurally defaulted. Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014) (citation omitted).

Like an unexhausted claim, a ground that was not properly raised in state court may be procedurally defaulted and barred from habeas review. Procedural default occurs in two ways: (1) a petitioner fails to exhaust state court remedies regarding a claim and the state court would find the claim procedurally barred or (2) a state court rejects a claim on a state law ground that is

5

"independent of the federal question and adequate to support the judgment." Conway, 763 F.3d at 133 (citation omitted).

The procedural default doctrine also prohibits federal courts from reviewing state court decisions that rest upon adequate and independent state law grounds. Lee v. Kemna, 534 U.S. 362, 375 (2002); see also Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) ("A federal habeas court lacks jurisdiction to evaluate questions of federal law decided by a state court where the state court judgment 'rests on a state law ground that is independent of the federal question and adequate to support the judgment[.]'") (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). "The rule applies with equal force whether the state-law ground is substantive or procedural." Lee, 534 U.S. at 375 (citing Coleman, 501 U.S. at 729); Whitley v. Ercole, 642 F.3d 278, 285 (2d Cir. 2011). It applies "even where the state court has also ruled in the alternative on the merits of the federal claim." Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996) (citing Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990)); see also Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("Moreover, a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

A state law ground is "only adequate to support the judgment and foreclose review of a federal claim if it is 'firmly established and regularly followed' in the state." Garvey v. Duncan, 485 F.3d 709, 713 (2d Cir. 2007) (quoting Lee, 534 U.S. at 376). Nevertheless, petitioner may obtain federal habeas review of a procedurally defaulted claim, if petitioner demonstrates either "cause for the default and prejudice," or that "failure to consider the claim will result in a

6

miscarriage of justice (i.e., the petitioner is actually innocent)." Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001) (citing Coleman v. Thompson, 501 U.S. 722, 748–50 (1991)).

### III.   Petitioner's Claims

Petitioner raises three grounds for habeas review: (1) petitioner was denied due process based upon an unduly suggestive lineup; (2) petitioner's guilt was not proven beyond a reasonable doubt and the verdict was against the weight of the evidence; and (3) petitioner was denied a fair trial based on the prosecutor's misconduct. Pet. 5–9, ECF No. 1.

#### A. Unduly Suggestive Lineup

Petitioner claims that he was denied his constitutional right to due process when the state court allowed into evidence an unduly suggestive pretrial lineup, where petitioner was the only suspect with the features identified by the witnesses and appeared much younger than four of the fillers. Id. at 5.[2] The Appellate Division found petitioner's arguments lacked merit as "the hearing evidence demonstrated that the fillers in the photo array and lineup procedures were reasonably similar to the defendant in appearance, such that the procedure did not create a substantial likelihood that the defendant would be singled out for identification based on any particular physical characteristic." People v. Bianchini, 198 A.D.3d 912, 913 (2d Dep't 2021).

Pretrial identification may violate due process when the identification procedure is "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Neil v. Biggers, 409 U.S. 188, 197 (1972) (quoting Simmons v. United States, 390 U.S. 377, 385 (1968)). A lineup is unnecessarily suggestive when "[the defendant] meets the

---

[2] Petitioner's brief to the Appellate Division, while addressing the unduly suggestive lineup claim, included a claim that the photo array shown to a witness prior to the lineup contributed to the suggestiveness of the lineup itself. Def. App. Div. Br. 40, ECF No. 6-10. The Appellate Division found this argument was not raised at the pretrial hearing and thus was not preserved for review. People v. Bianchini, 198 A.D.3d 912, 913 (2d Dep't 2021).

7

description of the perpetrator previously given by the witness and the other lineup participants obviously do not." Raheem v. Kelly, 257 F.3d 122 (2d Cir. 2001).

Petitioner claims that he was the only person in the lineup who matched the victims' description of the perpetrator as youthful, light skin and having "funny eyes." Pet. 5, ECF No. 1. However, Detective Arrao testified that the fillers matched the description given by the victims and were selected by other officers based on a photo of petitioner, where the fillers were all men with similar characteristics. H. TT. 61–62, ECF No. 6-1; Lineup, ECF No. 6-17.  Further, the state court viewed the photos of the lineup and determined the fillers looked reasonably similar to petitioner. H. TT. 111–13, ECF No. 6-1; Lineup, ECF No. 6-17.  The court further found that both petitioner and the fillers in the lineup matched the description given by the victims and thus the composition of the lineup did not create a substantial likelihood that petitioner would be singled out for identification based on any particular physical characteristic.  H. TT. 111–13, ECF No. 6-1; see also People v. Bianchini, 198 A.D.3d 912, 913 (2d Dep't 2021).  For all of the reasons stated above, the state court decision was not contrary to or an unreasonable application of clearly established Federal law.

### B. Legal Insufficiency Claim

Petitioner also claims his constitutional rights were violated because he was convicted of two counts of robbery and one count of assault on insufficient evidence; he claims the prosecution failed to establish his identity beyond a reasonable doubt as to each of the incidents. Pet. 7, ECF No. 1.  Petitioner also argues that the conviction was against the weight of the evidence presented at trial.[3] Id.

---

[3] Petitioner's claim that the verdict was against the weight of the evidence pursuant to N.Y. Crim. Proc. L. § 470.15(5) is a state law claim that is not cognizable on federal habeas review.  Federal habeas relief does not lie for a violation of state law. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) ("[W]e have long recognized that 'a mere error of state law' is not a denial of due process.").

The Appellate Division found that petitioner's legal insufficiency claim was not preserved. People v. Bianchini, 198 A.D.3d 912, 914 (2d Dep't 2021). New York's contemporaneous objection rule serves as an adequate and independent state law ground that bars federal habeas review. N.Y. Crim. Proc. L. § 470.05(2); Yara v. Ercole, 558 F. Supp. 2d 329, 336 (E.D.N.Y. 2008); see also People v. Gray, 86 N.Y.2d 10, 24 (N.Y. Ct. App. 1995) (finding a legal insufficiency claim could not be reviewed in absence of its preservation at trial). Thus, petitioner's legal insufficiency claim is procedurally barred from habeas review unless he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that the failure to consider this claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 724 (1991). Petitioner has not made this showing. Since the Appellate Division found that the legal insufficiency claim was not preserved, this ground is procedurally barred from habeas review.

Although the Appellate Division found petitioner's claim to be procedurally barred, the Court further stated "[i]n any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's identity as the armed perpetrator in each robbery." People v. Bianchini, 198 A.D.3d 912, 914 (2d Dep't 2021). The alternative holding is an adjudication on the merits that is entitled to deference under the AEDPA and does not "open the door for federal court review." Corea v. Annetts, No. 06-CV-3827 (JS), 2009 WL 5214490, at *4 (E.D.N.Y. Dec. 28, 2009)[4]; see Zarvela v. Artuz, 364 F.3d 415, 417 (2d Cir. 2004) (holding a claim that is unpreserved and then subsequently evaluated on its merits is entitled to AEDPA deference).

---

[4] The Clerk of Court is respectfully directed to send petitioner a copy of this unreported case.

9

Even if the state court's ruling was not entitled to AEDPA deference, a habeas petitioner claiming insufficiency of the evidence is only entitled to relief if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979) (emphasis added).  A petitioner challenging the sufficiency of the evidence "bears a very heavy burden." United States v. Rivalta, 892 F.2d 223, 227 (2d. Cir. 1989).  "In considering a petition for writ of  habeas corpus based on insufficient evidence . . . a federal court must look to state law to determine the elements of the crime" and view the facts in the light most favorable to the prosecution. Green v. Abrams, 984 F.2d 41, 44–45 (2d Cir. 1993).

Petitioner fails to demonstrate that the evidence identifying him as the perpetrator of the robberies and the assault was insufficient.  Two witnesses described having a clear view of petitioner's uncovered face during the robberies. TT. 127, ECF No. 6-3; TT. 72, ECF No. 6-4. Both witnesses identified Bianchini in a lineup close in time to the crime. TT. 10, 45, ECF No. 6-4.  The descriptions that both witnesses provided to detectives were reasonably similar to petitioner's appearance at the time. TT. 63–66, ECF No. 6-4; TT. 28, ECF No. 6-5.  Reviewing the record in the light most favorable to the prosecution, there was sufficient evidence to prove petitioner's identity as one of the perpetrators beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Therefore, even if the claim was not procedurally barred, the state court's decision was not contrary to or an unreasonable application of clearly established Federal law.

### C.  Prosecutorial Misconduct

Petitioner argues that the prosecutor denied him a fair trial and raises a prosecutorial misconduct claim. Pet. 8, ECF No. 1.  The Appellate Division found that petitioner's challenges to witness questioning and summation remarks were largely unpreserved pursuant to New York's

contemporaneous objection rule, which procedurally bars petitioner's claims. People v. Bianchini, 198 A.D.3d 912, 914 (2d Dep't 2021); see also N.Y. Crim. Proc. L. § 470.05(2). However, petitioner preserved his claim with respect to the people's summation, where petitioner's lawyer made contemporaneous objections and requested a mistrial after the prosecutor's comments regarding the defense's expert witness. Pet. 8, ECF No. 1; TT. 25, ECF No. 6-8.

This issue was raised on direct appeal. Def. App. Div. Br. 52, ECF No. 6-10.  The Appellate Division found the prosecutor's closing remarks constituted acceptable rhetorical comment, fair comment on the evidence, fair response to defense counsel's summation, or permissible comment on inferences to be drawn from the evidence. Bianchini, 198 A.D.3d at 914.  Further, the court found that to the extent some of the challenged remarks were improper, they were not so "flagrant or pervasive" to have deprived the petitioner of a fair trial. Id.  Thus, this portion of petitioner's prosecutorial misconduct claim is exhausted.

Habeas relief based on a claim of prosecutorial misconduct during summation is unavailable unless the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see Darden v. Wainwright, 477 U.S. 168, 181 (1986) ("The appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'"); see also Parkers v. Matthews, 567 U.S. 37, 45 (2012) (finding that the outcome in Darden serves as clearly established federal law for the purposes of AEDPA).  A petitioner "must demonstrate that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict." Bentley v. Scully, 41 F.3d 818, 824 (2d Cir. 1994) (citing Brecht v. Abrahamson, 507

U.S. 619, 638 (1993)).  In making this determination, the habeas court should consider the severity of the prosecutor's conduct, the measures, if any, that the state court took to remedy any prejudice, and the certainty of conviction absent the prosecutor's remarks.  Tankleff v. Senkowski, 135 F.3d 235, 252 (2d Cir. 1998)

Petitioner contends that the prosecutor discredited the defense's expert regarding the complainants' identification. Pet. 9, ECF No. 1; TT. 3–5, 10–12, ECF No. 6-8.  While the state court sustained some of petitioner's objections to the people's comments at summation and provided instructions to the jury after summations,[5] the state court's instructions were sufficient to cure any prejudice to petitioner. See, e.g., Tankleff, 135 F.3d at 253 ("looking at all the circumstances, we conclude that the standard instructions given by the trial court were probably sufficient to cure any harm that the prosecutor's misstatements may have caused.").  Even if the prosecutor's comments were improper, considering the totality of the evidence, petitioner fails to establish that the prosecutor's comments had a substantial and injurious effect on the jury's verdict.  In light of the record evidence, the state court's decision was not contrary to or an unreasonable application of clearly established Federal law.

## CONCLUSION

Accordingly, it is respectfully recommended that petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied. As petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability should be issued. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate for appealability). It is further recommended that for purposes of

---

[5] The judge instructed the jury that its decision was to be based on the evidence presented at trial and that summations were not evidence. TT. 6, 18, 35, ECF No. 6-8.

an appeal in forma pauperis, the Court should certify pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying this petition would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

## FILING OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Any request for an extension of time in which to file objections must be made within the fourteen-day period. Failure to timely file an objection to the Report and Recommendation generally waives any further judicial review. <u>DeLeon v. Strack</u>, 234 F.3d 84, 86 (2d Cir. 2000); <u>Spence v. Superintendent</u>, Great Meadows Corr. Fac., 219 F.3d 162, 174 (2d Cir. 2000); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

SO ORDERED.

                                                /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated: November 6, 2024
       Brooklyn, New York