UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LEROY BIANCHINI,

                    Petitioner,

        - against -

MICHAEL CAPRA,

                    Respondent.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-2066 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Petitioner, Leroy Bianchini, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the petition"). (Pet., Dkt. 1.) Pending before the Court is Petitioner's objection to the Honorable Lois Bloom's Report and Recommendation ("R&R"), which recommends that the Court deny the petition. (R&R Objection, Dkt. 9.) For the reasons stated below, the Court overrules Petitioner's objection, adopts Judge Bloom's R&R in its entirety, and denies the petition.

## BACKGROUND

      The Court assumes the parties' familiarity with the underlying facts and procedural history, more fully set forth in Judge Bloom's R&R, (*see* R&R, Dkt. 7), and recites only the background most relevant to Petitioner's objection.

      In 2016, Petitioner was convicted of Robbery in the First Degree and Assault in the Second Degree in the Supreme Court of New York, Kings County. (Pet., Dkt. 1, at ECF[1] 1.) Petitioner appealed his conviction to the Appellate Division, Second Department, which affirmed his conviction but reduced his sentence from 40 to 30 years. *See People v. Bianchini*, 155 N.Y.S.3d

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

569 (N.Y. App. Div 2021).  Petitioner's application for leave to appeal to the New York Court of Appeals was denied.  *See People v. Bianchini*, 180 N.E.3d 490 (N.Y. 2021).

On March 10, 2023, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court.  (Pet., Dkt. 1.)  Petitioner challenges his conviction on three of the same grounds as his state court appeal: "(1) petitioner was subject to an unduly suggestive lineup, (2) the evidence did not prove petitioner's identity beyond a reasonable doubt, and (3) prosecutorial misconduct."  (R&R, Dkt. 7, at 3–4; *see* Pet., Dkt. 1, at ECF 5–9.)

On November 6, 2024, Judge Bloom issued an R&R recommending that the petition be denied, finding that Petitioner's claims were either procedurally barred from habeas review or that the state court decision was not contrary to or an unreasonable application of clearly established federal law.  (*See generally* R&R, Dkt. 7.)  Judge Bloom further concluded that, "[a]s petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability should be issued."  (*Id.* at 12.)

The deadline for Petitioner to file objections to Judge Bloom's R&R was November 20, 2024, and as the Court had not received objections as of December 4, 2024, the Court adopted Judge Bloom's R&R in full.  (*See* 12/4/2024 Dkt. Order.)  The following day, December 5, 2024, the Court was notified of Petitioner's "Notice of Interlocutory Appeal" of Judge Bloom's R&R, which was dated November 18, 2024, postmarked November 26, 2024, and received by the Clerk's Office on December 4, 2024.  (12/4/2024 Not. Interlocutory Appeal; R&R Objection, Dkt. 9.)  The Court construed Petitioner's filing, which was labeled "Objection to the Magistrate Report," as a timely objection to Judge Bloom's R&R.  (12/6/2024 Dkt. Order; R&R Objection, Dkt. 9, at ECF 2.)

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If any party timely files written objections to a magistrate judge's findings or recommendations on a dispositive issue, the district court must review *de novo* the aspects to which objections have been made. *See id.*; Fed. R. Civ. P. 72(b)(3). Objections, however, "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citing *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). "[G]eneral objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review.'" *Condoleo v. Guangzhou Jindo Container Co.*, 427 F. Supp. 3d 316, 319 (E.D.N.Y. 2019) (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009)); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b).").

"[W]hen a party makes only conclusory or general objections [to an R&R,] the Court will review the [R&R] strictly for clear error." *Trivedi v. N.Y. State Unified Ct. Sys. Off. of Ct. Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Off. of Ct. Admin.*, 582 F. App'x 47 (2d Cir. 2014) (summary order). Similarly, the portions of a magistrate judge's findings and recommendations to which no party timely objects need be reviewed, at most, for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Jarvis v. N. Am. Globex Fund, L.P.*, 823

F. Supp. 2d 161, 163 (E.D.N.Y. 2011) ("To accept the [R&R] of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003))). Regardless of whether it engages in *de novo* review or reviews simply for clear error, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's [R&R] in its entirety," particularly when it is "clear" that "the challenges are meritless." *Morris v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order).

Although "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (cleaned up), "[e]ven a *pro se* party's objections to [an R&R] must be specific and clearly aimed at particular findings[,] . . . such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument," *Clarke v. United States*, 367 F. Supp. 3d 72, 75 (S.D.N.Y. 2019) (citation omitted).

## DISCUSSION

Petitioner objects to Judge Bloom's R&R on only one ground: "that the sua sponte preemptive denial of a [Certificate of Appealability ("COA")] is contrary to law and has prevented him from making the requisite showing," to obtain a COA. (R&R Objection, Dkt. 9, at ECF 5.) As Petitioner's objection is a specific procedural objection to the R&R, rather than an attempt to rehash the same arguments already litigated, the Court reviews the procedural COA issue *de novo*.

In order to appeal a final order in a habeas corpus proceeding, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. § 22(b)(1). A court may only issue a COA where a petitioner has made a "substantial showing of the denial of a constitutional right," 28

4

U.S.C. § 2253(c)(2), and where "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations omitted).

Petitioner's argument that the Court may not deny a COA contemporaneously with denial of the petition, and that he must be given "an opportunity to make a detailed request[] and issue by issue justification for [a] COA," (R&R Objection, Dkt. 9, at ECF 2), is untenable under Rule 11 of the Federal Rules Governing § 2254 Cases ("Rule 11").  Rule 11 was amended in 2009 to not only permit but in fact *require* a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Fed. R. Gov'g § 2254 Cases 11(a).  The purpose of this change was to "ensure prompt decision making when the issues [of a habeas petition] are fresh, rather than postponing consideration of the certificate until after a notice of appeal is filed. These changes will expedite proceedings, avoid unnecessary remands, and help inform an applicant's decision whether to file a notice of appeal." *Id.* Advisory Committee's Note to 2009 Amendment.  Though a district court "*may* direct the parties to submit arguments on whether a certificate should issue," it is not required to do so. *Id*. (emphasis added).

Petitioner asserts that the "plain language" of Federal Rule of Appellate Procedure 22(b) ("Rule 22") entitled him to "a second opportunity, independent of his request for habeas relief[,] to prove that he has met the *Slack* standards" for a COA.  (R&R Objection, Dkt. 9, at ECF 4.) However, "[t]he requirement that the district judge who rendered the judgment either issue a certificate of appealability or state why a certificate should not issue [was] deleted from [Rule 22] subdivision (b)(1).  Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254 or

5

§ 2255 now delineates the relevant requirement." Fed. R. App. P. 22(b)(1) Advisory Committee's Note to 2009 Amendment.

Petitioner's reliance on *Miller-El v. Cockrell*, 537 U.S. 322 (2003) is similarly misplaced. Although in *Miller-El*, the Court noted that "a COA determination is a separate proceeding, one distinct from the underlying merits," 537 U.S. at 342 (citing *Slack*, 529 U.S. at 481), *Miller-El* pre-dates the amendments to the relevant rules, which make clear that a petitioner is not entitled to a separate proceeding on the COA issue alone. Furthermore, courts in this Circuit have rejected Petitioner's interpretation of *Miller-El*. In *Cole v. United States*, No. 98-CV-7670 (SJ), 2005 WL 3454322 (E.D.N.Y. Dec. 7, 2005), the court rejected the same argument Petitioner makes here—*i.e.*, that under *Miller-El*, "this Court must hold separate proceedings before deciding whether issuing a COA is appropriate." *Id*. at *4. As the *Cole* court explained, the "separate proceeding" referred to in *Miller-El* did "not refer to the relationship between a [habeas petition] and the denial of a COA"; rather, *Miller-El* only held that the relevant analysis for a habeas petition is different and distinct from the analysis for a COA determination. *See id.* (explaining that the "consideration underlying a COA is the 'debatability of the underlying constitutional claim, not the resolution of that debate'[,]" which is the consideration underlying a habeas petition, and that "[a] district court's COA inquiry is itself, therefore, a 'separate proceeding'" (citing *Miller-El*, 537 U.S. at 342)). Thus, even before the amendments to Rule 11 and Rule 22, the case law did not establish a petitioner's right to a separate proceeding on the COA issue alone. The rest of the case law on which Petitioner relies is similarly outdated or inapplicable.

Here, Judge Bloom made no procedural error and appropriately recommended that this Court deny issuing a COA, finding that Petitioner "ha[d] not made a substantial showing of the denial of any constitutional right." (R&R, Dkt. 7, at 12.) To the extent Petitioner disagrees with

6

this finding, he can ask the Second Circuit to grant him a COA. Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").

The Court has reviewed the remainder of Judge Bloom's well-reasoned R&R, as to which Petitioner has not objected, and finds no clear error on the face of the record. *See Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

## CONCLUSION

For the reasons set forth above, the Court overrules Petitioner's objection and adopts Judge Bloom's R&R in its entirety. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 is denied. As Petitioner has not made a substantial showing of the denial of any constitutional right, no COA shall be issued. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is therefore respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 24, 2025
      Brooklyn, New York